RANGER v. LEO.

(Supreme Court, Appellate Term. June 29, 1909.)

BROKERS (§ 88*)—COMPENSATION—ACTIONS—QUESTIONS FOR JURY.

　　In an action by a real estate broker for commissions for procuring a purchaser of land, evidence *held* sufficient to require the submission of the issues to the jury.

　　[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 128; Dec. Dig. § 88.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by George Ranger against John P. Leo. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Moss & Feiner, for appellant.
Dulon & Roe, for respondent.

PER CURIAM. The action is for commissions by a real estate broker for procuring a purchaser for defendant's property. The court directed a verdict for defendant, and denied a motion for a new trial. Plaintiff appeals.

Plaintiff's evidence shows that there was a hiring of plaintiff by defendant at an agreed commission, that defendant stated his price and enumerated certain incumbrances on the property, that plaintiff finally obtained a person able and willing to purchase on defendant's terms, subject to the incumbrances enumerated by defendant, and an agreement was made. Plaintiff called on defendant's lawyer to have the contract drawn up, and learned for the first time that there was a restriction against nuisances. He inquired if there was any restriction against tenement houses, and was told by defendant's lawyer that there were none. He communicated with the proposed purchaser, who said he would accept restrictions against nuisances, but not against tenements. When the parties met for the purpose of signing

the contract, the purchaser agreed to all the terms of defendant, but objected to any restriction against tenement houses, which was an incumbrance not mentioned by defendant in hiring plaintiff to procure a purchaser. An adjournment to get the views of an officer of the Title Trust Company as to issuing of insurance in so far as said restriction was concerned was had. Pending the adjournment, defendant sold the premises to a third party. Such is the testimony of plaintiff, which shows that he procured a proposed purchaser able and willing to buy on defendant's terms, as stated to plaintiff, and that the incumbrance to which the proposed purchaser objected was concealed from plaintiff and the proposed purchaser until after an agreement for the purchase and sale had been reached between defendant and the proposed purchaser procured by plaintiff. Under these circumstances the issues should have been submitted to the jury.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event.